IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT E. NICHOLSON, #S08199,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 24-cv-02539-SMY |
| | ) |
| **WEXFORD,** | ) |
| **DR. LARSON,** and | ) |
| **JANE DOE (Nurse Practitioner),** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Robert E. Nicholson, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Big Muddy River Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims his medical conditions were not adequately treated; he seeks monetary damages (Doc. 10). Plaintiff's original Complaint (Doc. 1) was dismissed for failure to state a claim upon which relief may be granted, and he was allowed to amend his pleading (Doc. 8).

This case is now before the Court for preliminary review of Plaintiff's First Amended Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 10): Plaintiff had suffered from a hernia and a painful swollen testicle since June 2023 (Doc. 10, p. 2).

1

Plaintiff had to wait for months to have surgery (Doc. 10, pp. 2, 7, 9). In late August or early September 2023 Plaintiff had two surgeries for hernia repair and for a swollen testicle (Doc. 10, pp. 2, 10, 13). Defendant Dr. Larson gave Plaintiff Tylenol for his pain following the surgeries (Doc. 10, p. 2).

On September 15, 2023, while walking on the prison yard, Plaintiff was hit by sudden extreme pain which caused him to fall to the ground. Plaintiff continues to suffer pain from time to time (Doc. 10, p. 2). He has written sick call slips to Wexford Health Care ("Wexford") about his pain, but nobody has responded to those sick call requests (Doc. 10, p. 3).

Plaintiff attaches a sick call request from September 30, 2023 (Doc. 10, p. 10). He was issued call passes to health care for October 23, 2023 and November 21, 2023 (Doc. 10, pp. 11-12). Plaintiff's notes on those documents state that he saw Dr. Larson on both dates. On October 23, 2023, Larson was to schedule Plaintiff for an x-ray for his painful, swollen testicle. *Id.* On November 21, 2023, Larson gave Plaintiff antibiotics for the swollen testicle and blood in his urine and said he would send him back to the urologist (Doc. 10, pp. 12-13). As of December 1, 2023, Plaintiff was still waiting for the urologist appointment (Doc. 10, p. 14). A nurse practitioner gave him prostate medication and antibiotics for his burning pain. His testicular pain and blood in urine persisted through December 13, 2023 (Doc. 10, p. 15). He had a urine test on December 19, 2023 (Doc. 10, p. 16).

Dr. Larson, through Wexford, scheduled a prostate biopsy for Plaintiff's testicular pain and blood in his urine (Doc. 10, p. 2). The Amended Complaint, signed March 20, 2025, states the biopsy had not yet been performed (Doc. 10, pp. 2, 5). On January 14, 2025, Plaintiff was awakened by pain in the middle of the night. He was placed in a wheelchair and was unable to walk for days. He still finds it difficult to walk at times (Doc. 10, p. 3).

Plaintiff attaches a call pass dated March 11, 2025, on which he wrote that his biopsy was performed in mid-January 2025 (Doc. 10, p. 6). However, Dr. Larson did not inform him of the results until March 11, 2025. *Id.* The biopsy showed Plaintiff has prostate cancer. Larson said he would send Plaintiff back to the hospital "in a few weeks" for an examination and to start a treatment plan. *Id.*

Larson and Wexford have failed to give Plaintiff adequate treatment for his pain and prostate, urinary, and testicular symptoms.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against all defendants for delaying Plaintiff's 2023 surgeries for hernia repair and for his swollen testicle, and for failing to provide effective post-surgery pain relief.
>
> Count 2: Eighth Amendment deliberate indifference to serious medical needs claim against all defendants for failing to provide prompt diagnosis and treatment of Plaintiff's ongoing testicular pain and blood in his urine since late 2023, leading up to his diagnosis in January 2025 of prostate cancer.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## **Preliminary Dismissals**

Plaintiff includes Jane Doe Nurse Practitioner as a named defendant, but he fails to mention this individual in his statement of claim and does not describe what they allegedly did to violate his constitutional rights. (Doc. 10, pp. 2-4). Merely invoking the name of a potential defendant is

not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Instead, a plaintiff is required to associate specific defendants with specific claims so these defendants are put on notice of the claims brought against them and can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Because Plaintiff has not stated a claim against the Jane Doe Nurse Practitioner, this defendant will be dismissed from the case without prejudice.

## Discussion

### Count 1

Prison medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* Chronic and substantial pain is an objectively serious medical condition. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). A delay in treating a painful condition may amount to deliberate indifference if the delay exacerbated the injury or prolonged the inmate's pain. *See Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 661 (7th Cir. 2021); *Petties v. Carter*, 836 F.3d 722, 730-31 (7th Cir. 2016) (collecting cases); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012).

Plaintiff's 2023 hernia and swollen testicle, for which he eventually had two surgeries in approximately September 2023, were objectively serious medical conditions. He alleges the surgeries were delayed, but includes no factual allegations indicating that Defendant Larson was responsible for the delays in scheduling him for surgery. As such, the First Amended Complaint fails to state a claim against Larson for delaying the surgeries.

Plaintiff also claims that he suffered ongoing pain following the 2023 surgeries and that Larson gave him only Tylenol, which was ineffective to relieve his pain. These allegations are sufficient for Plaintiff to proceed on his claim in Count 1 that Larson was deliberately indifferent to Plaintiff's need for pain relief following his 2023 surgeries.

Defendant Wexford cannot be held liable merely because it employs Defendant Larson and provides medical care at the prison. Rather, a corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Plaintiff does not allege that Larson or any other individual medical provider either acted or failed to act because of an official Wexford policy/practice. Therefore, Defendant Wexford will be dismissed from Count 1.

## Count 2

Plaintiff's prostate cancer is an objectively serious medical condition. He describes ongoing testicular pain and blood in his urine that persisted after his September 2023 surgery. It appears that at least some of his symptoms continued, prompting Larson to schedule Plaintiff for the biopsy that was performed in January 2025. The First Amended Complaint does not detail what interactions Plaintiff may have had during 2024 with Larson or any other providers involving his prostate/testicular/urinary symptoms. Consequently, the Court cannot discern whether that period of delay before scheduling Plaintiff's biopsy may or may not reflect deliberate indifference by Larson. Further factual development may clarify the scope of this claim. However, the delay in diagnosing Plaintiff's cancer from January 2024 to March 2024, coupled with Larson's expected further delay of a "few weeks" before he would be evaluated by an outside provider for a treatment

plan, could amount to deliberate indifference on Larson's part.

Count 2 may proceed against Larson. Wexford, however, will be dismissed from Count 2 because Plaintiff does not allege that Larson's alleged delay in treatment/diagnosis was the result of a Wexford policy.

## Disposition

The Complaint states colorable claims in Counts 1 and 2, as limited above, against Dr. Larson. Defendants Wexford and Jane Doe (Nurse Practitioner) are **DISMISSED** without prejudice.

The Clerk shall prepare for Dr. Larson: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to**

**Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

## Request for Recruitment of Counsel

Plaintiff includes a request for counsel in the First Amended Complaint (Doc. 10, p. 4) but did not file a separate motion. The Court denied Plaintiff's earlier motion for counsel (Doc. 3) because he had not demonstrated reasonable efforts to locate counsel on his own, and he appeared competent to prepare an amended complaint without counsel's assistance (Doc. 8, pp. 4-5).

The Court instructed Plaintiff to submit at least one more rejection letter from an attorney to demonstrate reasonable efforts. He has not done so – he merely submitted another copy of the

same letter he included with his original motion (Doc. 9).  And as reflected herein, Plaintiff's First Amended Complaint has survived merits review as to one defendant.

Accordingly, the recruitment of counsel for Plaintiff is still not warranted.  *See Pruitt v. Mote*, 503 F. 3d 647, 654 (7th Cir. 2007).  If Plaintiff encounters significant difficulties in self-representation as this case proceeds, he may refile his motion seeking recruitment of counsel.  If Plaintiff chooses to refile his motion, he should submit at least one more rejection letter from a different attorney to demonstrate that he has made reasonable efforts to obtain counsel on his own.

**IT IS SO ORDERED.**

**DATED:  June 16, 2025**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.