**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ROBERT E. NICHOLSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:24-cv-02539-GCS** |
| | ) | |
| **DENNIS LARSON,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM & ORDER</u>**

**SISON, Magistrate Judge:**

On November 10, 2025, Defendant filed a motion for summary judgment. (Doc. 27). On December 16, 2025, the Court allowed Plaintiff up to and including February 17, 2026, to respond to the motion. (Doc. 31). As a result of Plaintiff's failure to respond to the motion for summary judgment, the Court, on February 23, 2026, directed Plaintiff to respond to the motion on or before March 10, 2026. (Doc. 32). The Court warned Plaintiff that the failure to respond may result in the Court dismissing the case for failure to prosecute. *Id.* Plaintiff did not respond to the motion for summary judgment as directed. Hence, the Court issued a Show Cause Order directing Plaintiff to Show Cause in writing why his case should not be dismissed for failure to prosecute. (Doc. 33). As of this date, Plaintiff has not responded to the Show Cause Order and has not responded to the motion for summary judgment.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to

Page 1 of 4

dismiss the action or any claim against it." In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013) (quoting *Johnson v. Chicago Bd. of Educ.*, 718 F.3d 731, 732-733 (7th Cir. 2013)). The Seventh Circuit has suggested that in addition to warning the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id*. (citing *Kruger v. Apfel*, 214 F.3d 784, 786-787 (7th Cir. 2000)).

Here, Plaintiff failed to follow Court Orders by failing to respond to the Court's Show Cause Order dated March 12, 2026, (Doc. 33), and the Court's Orders dated December 16, 2025, and February 23, 2026, ordering Plaintiff to respond to the summary judgment motion. (Doc. 31, 32). The Court has 154 cases on its docket, and if the Court permits this case to drag on further waiting for Plaintiff to respond, it will detrimentally impact the efficient and timely handling of its other cases. Accordingly, the Court **DISMISSES with prejudice** this action pursuant to Rule 41(b). *See* FED. R. CIV. PROC. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

In an abundance of caution, and noting Plaintiff's *pro se* status, the Court informs Plaintiff as follows. Plaintiff has two means of contesting this order: he may either request this Court review this order, or he may appeal the order to the Seventh Circuit Court of Appeals.

If Plaintiff chooses to request this Court to review the order, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Plaintiff *must* file the motion within twenty-eight (28) days of the entry of judgment; the deadline *cannot* be extended. *See* FED. R. CIV. PROC. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *See Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (stating that a party must establish either manifest error of law or fact, or that newly discovered evidence precluded entry of judgment in order to prevail on a Rule 59(e) motion) (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be tolled. *See* FED. R. APP. PROC. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. *See* FED. R. APP. PROC. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). However, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not toll the time for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–820 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

In contrast, if Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal from the entry of judgment or order appealed from *within 30 days*. *See* FED. R. APP. PROC. 4(a)(1)(A) (emphasis added). The deadline can be extended for a short

time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. *See* FED. R. APP. PROC. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State University*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

Plaintiff may appeal to the Seventh Circuit by filing a notice of appeal in this Court. *See* FED. R. APP. PROC. 3(a). The current cost of filing an appeal with the Seventh Circuit is $605.00. The filing fee is due at the time the notice of appeal is filed. *See* FED. R. APP. PROC. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* FED. R. APP. PROC. 24(a)(1). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. PROC. 24(a)(1)(C).

**IT IS SO ORDERED.**

**DATED:   April 7, 2026.**

Digitally signed by Judge Sison
Date: 2026.04.07 11:33:38 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**